NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MICHAEL RAY AQUINO, | : | |
|  | : | Civil Action No. 10-1214 (SRC) |
| Petitioner, | : | |
|  | : | |
| v. | : | OPINION |
|  | : | |
| JAMES T. PLOUSIS, et al., | : | |
|  | : | |
| Respondents. | : | |

**CHESLER**, District Judge

     This matter comes before the Court pursuant to a Petition for a writ of habeas corpus under 28 U.S.C. § 2241 [Doc. No. 1], filed by Michael Ray Aquino ("Petitioner" or "Aquino") on March 5, 2010. Petitioner moved to stay his extradition from the United States pending a final resolution of the instant habeas Petition and to reverse his extradition order docketed as *In the Matter of the Extradition of Michael Ray Beguas Aquino*, docket number 09-mj-7035. Petitioner argues that relief should be granted because Magistrate Judge Salas erred in finding probable cause in the underlying extradition proceeding. For the reasons stated below, the Petition is denied.

### I. BACKGROUND

     Petitioner is currently confined at the Hudson County Correctional Center. The essential

facts of this case are well-known to the parties and not in dispute. This Court will not repeat the factual background set forth at length in Judge Salas's March 4, 2010 Opinion (the "Salas Opinion") that accompanied the Order granting the extradition application. In short, the Petitioner is charged with conspiracy to commit the double murder of Salvador Bubby Dacer ("Dacer") and Emmanuel Corbito ("Corbito"). The Republic of the Philippines has sought Aquino's presence to stand trial in relation to this charge. Upon review of both written and oral submissions, Judge Salas found "that the Government has met its burden in providing sufficient evidence to establish probable cause." Salas Opinion at 19.

Judge Salas found that the record contained sufficient evidence to support a finding of probable cause connecting Aquino to the double murder for which his extradition was sought. *Id*. at 21. According to Judge Salas, there was ample evidence to support "the Government's position that Aquino was directing others in the investigation, interrogation, and eventual murders of Dacer and Corbito. *Id*. at 24. Judge Salas also noted that Petitioner's "distinct pattern of a cover up and the concealing of identities" was further evidence of his involvement in the murders. *Id*. at 23. Finally, Judge Salas found that comments made by both Aquino's colleagues and Aquino himself following the murders were suitable indicia of involvement in the crime. *Id*.

## II. DISCUSSION

In reviewing the underlying extradition order presented in this petition, the Court "may consider only whether the magistrate [judge] had jurisdiction, whether the offense charged is within the treaty, and by a somewhat liberal extension, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty." *Hoxha v*

*Levi*, 465 F.3d 554, 560 (3d Cir. 2006).  Petitioner challenges his extradition only on the theory that it is not supported by sufficient evidence to find probable cause.

In an extradition hearing probable cause is found where there is "evidence that would support a reasonable belief that [the defendant] was guilty of the crime charged."  *Sidali v. I.N.S.*, 107 F.3d 191, 199 (3d Cir. 1997) (internal quotations omitted).  The Third Circuit has consistently noted the limited showing required for establishing probable cause: "[i]t is not necessary in extradition proceedings that the evidence against the respondent be such as to convince the committing judge or magistrate of his guilt beyond a reasonable doubt, but only such as to afford reasonable ground to believe that the accused is guilty of the offense charged." *Id.* (quoting *United States ex rel. Lo Pizzo v. Mathues*, 36 F.2d 565, 568 (3d Cir. 1929)).  An affirmative finding of probable cause by a magistrate judge must be upheld "if there is any competent evidence in the record to support it."  *Id.*

Upon careful review of the record, this Court finds that there is competent evidence to support Judge Salas's finding of probable cause.

Without disputing the facts, Petitioner claims that the notion that he was involved in the conspiracy to commit double murder is sheer "speculation."  See Petitioner's Brief in Support of Petition ("Pet'r's Br.") [Doc. No. 17].  Petitioner's argument can be summarized in the following statement: "[t]he mere existence of a chain of command within the [police] does not show that [Aquino] ordered the murders."  Pet'r's Br. at 15.  Petitioner states that "the doctrine of *respondeat superior* cannot support the imposition of individual criminal liability."  *Id*. at 15-16.  The suggestion that Judge Salas's finding of probable cause relied on the *mere existence* of a chain of command is patently false.

3

In light of the evidence presented, Judge Salas found probable cause to believe that Petitioner was involved in a conspiracy to commit the murders of Dacer and Corbito. This Court agrees. There is more than ample evidence on the record to find probable cause of guilt. Aquino's conduct before and after the murders is not only consistent with, but is indicative of a role in the conspiracy. As Judge Salas noted, Aquino initiated the investigation of Dacer, gave his subordinates specific instructions as to how to carry out the investigation, and even resolved staffing issues relating to the investigation. Opinion at 21. Once Dacer and Corbito had been abducted, Aquino was not only notified, but further dictated who should be present at the interrogation and what questions should be asked. Id. at 22. Finally, Aquino not only fled the country when he was alerted about a revitalized investigation into the murders, he also blamed a colleague for "sloppily dumping Dacer's vehicle where it was easily discovered." Opinion at 14. As such, there is more than enough evidence on the record "to cause a person of ordinary prudence and caution to entertain a reasonable belief of the accused's guilt." *Sidali*, 107 F.3d at 199 quoting *United States v. Wiebe*, 733 F.2d 549, 553 (8th Cir. 1984).

### III. CONCLUSION

For the foregoing reasons, the Court denies Aquino's Petition for writ of habeas corpus. An appropriate form of Order will be filed together with this Opinion.

    s/ Stanley R. Chesler
    STANLEY R. CHESLER
    United States District Judge

DATED: October 14, 2010